# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SHILOH HAINLINE,<br><br>                      Plaintiff,<br>v.<br><br>NANCY A. BERRYHILL, ACTING COMMISSIONER OF SOCIAL SECURITY,<br><br>                      Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 1:17-cv-00034<br><br>District Judge Dale A. Kimball |

      Shiloh Hainline (Hainline) filed an application for Supplemental Security Income (SSI) on July 9, 2010, alleging a disability beginning around May 5, 1991. Hainline's claim was denied on October 14, 2010, and was also denied upon reconsideration on March 1, 2011. A hearing was held on October 1, 2012 before Administrative Law Judge Gilbert Martinez. The ALJ issued a decision finding that Hainline is not disabled. Hainline appealed the ALJ's decision to the Appeals Council, which remanded the case back to the ALJ for further review. A remand hearing was held on July 9, 2014. The ALJ again issued a decision finding that Hainline is not disabled. The Appeals Council denied Hainline's request for review. Hainline now appeals the ALJ's final decision finding that she is not disabled.

      On October 16, 2017, the court held a hearing on Hainline's appeal. At the hearing, the appellant Hainline was represented by Natalie L. Bolli-Jones and the appellee was represented by James L. Burgess. The court took the motion under advisement. Based on the briefing filed by the parties and the law and facts relevant to the pending motion, the court issues the following Memorandum Decision and Order GRANTING in part and DENYING in part Hainline's appeal.

## BACKGROUND

1

Hainline has an extensive medical history showing that she has many physical and mental difficulties. At issue in this appeal is Hainline's alleged motor/perceptual and social impairments. Three medical professionals' opinions relating to Hainline's motor/perceptual impairments are at issue in this appeal. Only the facts and opinions relevant to this appeal will be discussed.

In 2013, Hainline alleges[1] that Dr. Knudsen performed a comprehensive physical exam and determined that Hainline could perform, at best, light work with some limitations in her ability to manipulate fine objects. The ALJ gave "great weight" to Dr. Knudsen's medical opinion. (See Administrative Record (A.R.) 57)).

A mental status exam was also performed by Adam Schwebach, Ph.D. at the Neuropsychology Center of Utah. Dr. Schwebach determined that although Hainline had overall average intellectual functioning, she struggles with executive functioning, particularly in the area of planning, attention regulation, and problem solving. Dr. Schwebach tested Hainline's motor/perceptual abilities and based on the results placed her in the bottom one percentile. (A.R. 782). Dr. Schwebach also noted that she has significant difficulty in developing and maintaining social relationships. Dr. Schwebach diagnosed her with anxiety disorder, autism spectrum disorder, and attention deficit disorder. The ALJ gave "great weight" to Dr. Schwebach's neuropsychological evaluation. (A.R. 57).

Dr. Nelson performed a consultative examination. Dr. Nelson's examination covered all of Hainline's alleged impairments. (A.R. 56). Dr. Nelson opined, in relevant part, that Hainline has good hand-eye coordination and full strength. (A.R. 592). Dr. Nelson found that the claimant could perform some forms of work. (A.R. 56). The ALJ gave "considerable weight" to Dr. Nelson's opinion. *Id.*

---

[1] The word "alleges" is important because it is disputed whether Dr. Knudsen actually performed the motor/perceptual testing that is at issue in this appeal.

2

Based on the medical opinions, the ALJ determined that Hainline has severe impairments which include Asperger's syndrome, seizures, asthma, obesity, and a hearing loss in her left ear. The ALJ found that despite these health problems, Hainline can perform light work that exists in the national economy. (A.R. 53).Specifically, the ALJ determined that Hainline can perform the job of a laundry folder and an addressor. The ALJ therefore determined that Hainline is not disabled.

The ALJ determined that Hainline can perform light work with the following limitations: She can understand, remember, and carry out short and simple instructions, and make simple work-related decisions. She can interact with supervisors and co-workers, but should have only brief and superficial interactive contact with the public. She can perform simple, routine, goal-oriented work in a consistent stable environment, and no fast-paced work. The ALJ determined that with Hainline's residual functioning capacity she can perform work available in the national economy. (A.R. 53).

## STANDARD OF REVIEW

The standard of review for an appeal of a Social Security determination is whether the ALJ's factual findings are supported by substantial evidence and whether the ALJ applied the correct legal standards in determining disability. *Winfrey v. Chater*, 92 F.3d 1017, 1019 (10th Cir. 1996). The court may consider the specific rules of law that the ALJ must follow in weighing particular types of evidence, but will not reweigh the evidence or substitute its judgment for the Commissioner's. *Reyes v. Bowen,* 845 F.2d 242, 244 (10th Cir. 1988).

## DISCUSSION

Hainline argues that the ALJ erred in evaluating the medical evidence from Dr. Knudsen and Dr. Schwebach. Hainline asserts that the ALJ gave great weight to the medical testing

performed by these two doctors, however, the ALJ failed to explain why he did not accept all of the findings by these doctors. Specifically, Haineline asserts that the ALJ: 1. Failed to resolve a discrepancy in the record between Dr. Knudsen and Dr. Nelson relating to Hainline's fine motor skill limitations; 2. Failed to resolve a discrepancy in the record between Dr. Schwebach and Dr. Nelson relating to Hainline's fine motor skills limitations; and 3. Failed to provide an explanation for why the ALJ believed that Hainline has a limited ability to work with the public, but is able to work with supervisors and co-workers.

Generally, an ALJ is not "entitled to pick and choose from a medical opinion, using only those parts that are favorable to a finding of nondisability." *Robinson v. Barnhart*, 366 F.3d 1078, 1083 (10th Cir. 2004); *See also Haga v. Astrue*, 482 F.3d 1205, 1208 (10th Cir. 2007). "In addition to discussing the evidence supporting his decision, the ALJ also must discuss the uncontroverted evidence he chooses not to rely upon, as well as significant probative evidence he rejects." *Clifton v. Chater*, 79 F.3d 1007, 1010 (10th Cir. 1996). When an ALJ gives a physician's medical opinion "great weight" but disregards specific findings, the ALJ is required to explain why he or she did not rely on the specific findings that were disregarded. *See Martinez v. Astrue,* 422 Fed. Appx. 719, 725 (10th Cir. 2011) (unpublished).

<u>Dr. Knudsen's Medical Opinion Relating to Motor/Perceptual Limitations</u>

In January 2013, Dr. Knudsen referred Hainline to a facility to perform a functional capabilities evaluation. (A.R. 766-777). The exam results found that Hainline was in the bottom one percentile in her ability to manipulate fine objects. (A.R. 775). Hainline asserts that Dr. Knudsen performed the functional capabilities evaluation. The identity of the evaluator that performed the testing, however, is unknown because his or her signature is illegible. (See A.R.

776). Although the identity of the examiner is not known, it is known that Dr. Knudsen did not perform the testing.

The ALJ gave "great weight" to Dr. Knudsen's medical testing. (A.R. 56). The ALJ also gave "considerable weight" to Dr. Nelson's medical opinion. (A.R. 56). Dr. Nelson opined, in relevant part, that Hainline has good hand-eye coordination and full strength. (A.R. 592). It was Dr. Nelson's opinion that Hainline had no functional limitations arising from her alleged physical impairments.

Hainline asserts that there is a conflict in the record because Dr. Knudsen found that Hainline is in the bottom one percentile in her ability to manipulate fine objects, while Dr. Nelson found that Hainline has good hand-eye coordination and full strength. Hainline argues that the ALJ was required to reconcile the conflict in the record by explaining why he did not find that Hainline has motor/perceptual functional limitations. The court disagrees with Hainline's assertion that there is a conflict between Dr. Knudsen and Dr. Nelson. Hainline has not provided evidence that Dr. Knudsen either performed the testing, or that she adopted the results of the testing as her own. It is therefore not irreconcilable to give weight to both Dr. Knudsen's and Dr. Nelson's opinion.

<u>Dr. Schwebach's Medical Opinion Relating to Motor/Perceptual Limitations</u>

Dr. Schwebach opined that Hainline has motor/perceptual deficits. (A.R. 784). The ALJ gave "great weight" to the neuropsychological evaluation performed by Dr. Schwebach. (A.R. 57). To determine whether Hainline has motor/perceptual limitations Dr. Schwebach performed the Rey Complex Figure Drawing test. (A.R. 782). Hainline's performance placed her in the bottom one percentile. *Id*. Dr. Schewbach opined that she likely performed poorly due to the severity of her executive functioning difficulties, particularly in the area of planning and problem

solving. *Id*. Hainline argues that Dr. Schwebach's opinion is in conflict with Dr. Nelson's who found that Hainline has no functional limitations from her physical limitations. The court agrees that there is a conflict in the record.

When an ALJ gives a physician's medical opinion "great weight" but disregards specific findings, the ALJ is required to explain why he or she did not rely on the specific findings that were disregarded. *See Martinez v. Astrue,* 422 Fed. Appx. 719, 725 (10th Cir. 2011) (unpublished). The ALJ did not provide an explanation for why he did not take into account Dr. Schwebach's opinion about Hainline's motor/perceptual limitations. The court finds that the ALJ was required to provide an explanation for why he did not take Dr. Schwebach's findings into account on Hainline's motor/perceptual limitations. This failure may not have been harmless because the jobs the ALJ found Hainline capable of performing may require motor/perceptual functions. For example, an addressor likely needs to write addresses. The other job, a laundry folder, may require the employee to sew buttons, or perform other tasks that require proficient motor skills. The court will not make a finding on whether Hainline may perform the above jobs after her motor/perceptual limitations are taken into account. The court remands this case for the ALJ to: 1. Resolve the discrepancy between Dr. Nelson's and Dr. Schwebach's opinion on Hainline's motor/perceptual difficulties; and 2. If the ALJ finds that Hainline has significant motor/perceptual difficulties, then to determine whether Hainline is capable of performing the job of an addressor, laundry folder, or any other job available in the national economy.

<u>There is no Conflict on the ALJ's Findings Relating to Contact With the Public</u>

The ALJ determined that Hainline "can interact with supervisors and co-workers, but should have only brief and superficial interactive contact with the public." (A.R. 53). The ALJ also found that Hainline "can perform simple, routine, goal-oriented work in a stable

environment." *Id*. Hainline argues that the ALJ's finding contradicts itself because the ALJ did not provide an explanation for why contact with the public is different than contact with her supervisors and co-workers. The court disagrees that there is a conflict in the ALJ's findings on this matter. A person may be capable of executing a supervisor's orders, but may not be effective with interacting with the public. There is not a conflict in this finding.

## CONCLUSION

The court GRANTS in part and DENIES in part Hainline's appeal. For the aforementioned reasons, the court REMANDS this appeal for the ALJ to resolve the conflict between Dr. Nelson and Dr. Schwebach relating to Hainline's motor/perceptual limitations.

Dated this 31st day of October, 2017.

BY THE COURT:

_____
DALE A. KIMBALL,
United States District Judge